**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MCLEMORE | : |
| 323 Kings Ridge Road | : CIVIL TRIAL DIVISION |
| King Of Prussia, PA 19046 | : |
| Plaintiff, | : JURY TRIAL DEMANDED |
| | |
| vs. | : NO. |
| | |
| SCHOOL DISTRICT OF PHILADELPHIA | : |
| 440 North Broad Street | : |
| Philadelphia, PA 19130 | : |
| Defendant | : |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, John McLemore, is an adult individual residing at 323 Kings Ridge Road, King Of Prussia, PA 19046. Plaintiff is African American.

2. Defendant, School District of Philadelphia, is a local agency that maintains its principal place of business at 440 North Broad Street, Philadelphia, PA 19130.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. §1981 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"); 28 U.S.C. §1331, and 28 U.S.C. §1343.

4. This Court also has pendent and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. These claims are brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (hereinafter "PHRA") and common law.

### VENUE

5. Defendant transacts business and is found in this district.

## FACTUAL BACKGROUND

6.   Plaintiff is a certified public accountant licensed by the Commonwealth of Pennsylvania.

7.   Plaintiff was hired on February 3, 2003 as the Director of Auditing Services.

8.   Plaintiff's immediate supervisor was Chief Financial Officer, Mike Harris (Caucasian)(hereinafter "Harris").

9.   Plaintiff was subjected to different terms and conditions of employment than his Caucasian counterparts.

10.   For example, Plaintiff was paid a lesser salary and received lower merit increases than his Caucasian counterparts.

11.   In addition, Plaintiff was not assigned a parking space and did not have his name placed on his office door like his Caucasian counterparts.

12.   The Auditing Department that Plaintiff ran was successful in weeding out waste and saving and/or recovering significant sums of money for the School District.

13.   In early 2004, the results of one particular Charter School audit were challenged by the auditee.

14.   Thereafter, Plaintiff was ordered to change his audit findings by Chief Executive Officer, Paul Valles (Caucasian) (hereinafter "Valles").

15.   Plaintiff refused to change his findings, because he believed doing so would subject him to criminal prosecution and/or the censure or loss of his professional license.

16.   It is Plaintiff's belief that such demands would not be made of his Caucasian counterparts.

17.  In July 2004 Plaintiff sent a memorandum to Harris complaining of differential treatment due to his race.

18.  Plaintiff did not receive a written response to his memorandum and his complaints were not addressed.

19.  Instead, on November 2, 2004 Harris gave Plaintiff a memorandum requesting Plaintiff's resignation.

20.  On November 3, 2004, Plaintiff met with Valles who recommended that Plaintiff be stripped of his auditing duties and transferred to School District Operations.

21.  Thereafter, plaintiff was assigned work that was not commensurate with his skill or grade level.

22.  Plaintiff was also physically transferred to a remote location.

23.  Defendant's actions from November 3, 2004 through May 15, 2005 were a concerted effort to get Plaintiff to resign.

24.  Since Plaintiff did not resign, he was terminated September 9, 2005.

25.  As part of his termination, Plaintiff was offered significantly less severance than his Caucasian counterparts.

26.  At all times material hereto defendant(s), were acting by and through their duly appointed employees, agents, servants and/or workmen who were acting within the course and scope of said agency and/or employment relationship with the express and/or implied permission of the defendant(s).

27.  Plaintiff received a "Right to Sue" letter on or about June 21, 2006.  (See, letter from EEOC dated June 21, 2006 attached hereto as Exhibit "A," indicating that the filing of this civil action is proper at this time.)

### COUNT - I
### PLAINTIFF v. DEFENDANT
### PLAINTIFF'S CLAIMS UNDER TITLE VII

28.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 27 inclusive as fully as though the same were herein set forth at length.

29.  Defendant's conduct, as outlined above, constitutes unlawful race discrimination in violation of Title VII.

30.  Defendant's conduct, as outlined above also constitutes unlawful retaliation in violation of Title VII.

31.  As a direct result of Defendant's wrongful conduct Plaintiff has suffered substantial economic harm including, inter alia, lost wages and benefits.

32.  In addition, Defendant's unlawful conduct has caused Plaintiff significant emotional distress.

33.  Further, said discrimination/retaliation was willful, intentional, malicious, outrageous, and/or in flagrant disregard of the provisions of Title VII thereby entitling Plaintiff to punitive damages.

### COUNT – II
### PLAINTIFF v. DEFENDANT
### PLAINTIFF'S CLAIMS UNDER THE PHRA

34.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 33 inclusive as fully as though the same were herein set forth at length.

35. Defendant's conduct, as outlined above, constitutes unlawful race discrimination in violation of the PHRA.

36.  Defendant's conduct, as outlined above also constitutes unlawful retaliation in violation of the PHRA.

37.  As a direct result of Defendant's wrongful conduct Plaintiff has suffered substantial economic harm including, <u>inter alia</u>, lost wages and benefits.

38.  In addition, Defendant's unlawful conduct has caused Plaintiff significant emotional distress.

**<u>COUNT – III</u>**
**<u>PLAINTIFF v. DEFENDANT</u>**
**<u>PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1981 et seq.</u>**

39.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 38 inclusive as fully as though the same were herein set forth at length.

40. Defendant's conduct, as outlined above, constitutes unlawful race discrimination in violation of 42 U.S.C. § 1981 et seq.

41.  Defendant's conduct, as outlined above also constitutes unlawful retaliation in violation of 42 U.S.C. § 1981 et seq.

42.  As a direct result of Defendant's wrongful conduct Plaintiff has suffered substantial economic harm including, <u>inter alia</u>, lost wages and benefits.

43.  In addition, Defendant's unlawful conduct has caused Plaintiff significant emotional distress.

44.  Further, said discrimination/retaliation was willful, intentional, malicious and/or outrageous thereby entitling Plaintiff to punitive damages.

## COUNT – IV
## PLAINTIFF v. DEFENDANT
## WRONGFUL DISCHARGE

45.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 44 inclusive as fully as though the same were herein set forth at length.

46.  Defendant's conduct, as outlined above (i.e. terminating Plaintiff for refusing to alter his audit findings), constitutes wrongful discharge in violation of the public policy of the Commonwealth of Pennsylvania.

47.  As a direct result of Defendant's wrongful conduct Plaintiff has suffered substantial economic harm including, inter alia, lost wages and benefits.

48.  In addition, Defendant's unlawful conduct has caused Plaintiff significant emotional distress.

49.  Further, said wrongful conduct was willful, intentional, malicious and/or outrageous thereby entitling Plaintiff to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks damages to the extent that she has been harmed by defendant's unlawful conduct and specifically prays that the Court grant the following relief:

A.  Award to plaintiff back salary, wages, fringe benefits, front pay, and other allowable compensatory damages, together with prejudgment interest pursuant to the 42 U.S.C. § 1981 et. seq., Title VII, the PHRA and/or common law;

B.  Award to plaintiff punitive damages pursuant to 42 U.S.C. § 1981 et. seq., Title VII and/or common law;

C.   Award to plaintiff and his counsel attorney's fees, costs and disbursements pursuant to 42 U.S.C. § 1981 et. seq., Title VII and/or the PHRA; and,

D.   Any other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,


BY:_____
      Bruce Preissman
      I.D.# 69996
      715 Cherry Lane, Suite 4
      Southampton, PA  18966
      (215) 322-6990
      Attorney for Plaintiff